UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AMY SMART,<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br>INDICTMENT<br><br>18 U.S.C. § 2<br>18 U.S.C. § 1035<br>18 U.S.C. § 1347 |

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

    I.    <u>INTRODUCTION</u>

    1.    The **DEFENDANT AMY SMART (DEFENDANT SMART)** was the owner and operator of Riverside Recovery Services, LLC (Riverside).

    2.    Riverside was a counseling center that provided alcohol and drug counseling and case management services at three (3) business offices located in Ohio: 402/408 Coshocton Avenue, Mount Vernon, Ohio 43050; 48 Private Drive 399 South Point, Ohio 45680; and 103 2nd Avenue, Chesapeake, OH 45619. Riverside also operated several sober living homes near their counseling offices which were occupied by clients receiving drug treatment counseling and case management services from Riverside.

    3.    Ohio Secretary of State records show that the Initial Articles of Incorporation for Riverside (Registration #: 2365352) were filed on March 1, 2015, and listed Travis Owens and **DEFENDANT SMART** as authorized agents for the business.

    4.    Ohio Secretary of State records further show that on March 21, 2019 **DEFENDANT SMART** filed an additional Articles of Organization (Registration #: 4309228) for Riverside. In

1

Secretary of State filings, **DEFENDANT SMART** listed herself as the sole statutory agent for the business with an address of 212 E. Chestnut St., Mt. Vernon, OH 43050.

5. As the owner of Riverside, **DEFENDANT SMART** entered into agreements with the Ohio Medicaid Program (Medicaid). These agreements allowed **DEFENDANT SMART** to submit claims for drug treatment counseling and case management related services provided by Riverside to Medicaid beneficiaries. According to Ohio Medicaid records, Riverside entered into a Medicaid provider agreement on October 6, 2015, and obtained a Medicaid billing number effective September 18, 2015.

6. **DEFENDANT SMART**, as the owner of Riverside, always maintained financial and administrative control over the business and was responsible for submitting counseling related claims to Medicaid.

II. THE VICTIM HEALTH INSURANCE PROGRAM

7. The information provided in this section describes the victim, Medicaid, and serves as the Fed. R. Crim. P. 12.4 Disclosure Statement.

    a. The Ohio Medicaid Program

8. Medicaid, established by Congress in 1965, provided medical insurance coverage for individuals whose incomes were too low to meet the costs of necessary medical services. Approximately 60% of the funding for Medicaid came from the federal government.

9. The Ohio Medicaid Program is administered by the State of Ohio, through the Department of Medicaid (ODM).

10. As part of the federally approved state plan, ODM has elected to contract with Medicaid Managed Care Organizations (MCOs) through contracts known as Contractor Risk Agreements (CRAs), which must conform to the requirements of 42 U.S.C. §§1395mm and §1396b(m), along with any related federal rules and regulations. 42 U.S. Code § 1396u-2. MCOs

2

are health insurance companies that provide coordinated health care to Medicaid recipients. The MCOs contract directly with healthcare providers, including hospitals, doctors and other health care providers to coordinate care and provide the health care services for Medicaid recipients. Providers who contract with a MCO, are known as Participating Providers. These providers likewise must enter into a "provider agreement" with the MCO in which the Participating Provider agrees to comply with all applicable state and federal statutes, regulations and guidelines. The provider agreement further requires the Participating Providers to keep records necessary to fully disclose the services provided to Medicaid Beneficiaries.

11. Participating Providers are assigned a unique provider identification number, which is necessary to be eligible to bill and receive reimbursement for services rendered to Medicaid recipients. As part of the Ohio Medicaid Program, Medicaid MCOs and the Participating Providers must furnish medical and health-related services pursuant to the state plan. Pursuant to the CRAs, ODM distributes the combined state and federal Medicaid funding to the MCOs, which then pay Participating Providers for treatment of Medicaid recipients. As the administrator of the Ohio Medicaid Program, ODM must track all services received by recipients, whether enrolled directly with ODM or enrolled with a MCO. Therefore, Medicaid MCOs are required to submit to ODM encounter data, which includes detailed records of the services a Medicaid recipient received from a Participating Provider.

    b. <u>Medicaid Reimbursements</u>

12. Providers who rendered services to Medicaid beneficiaries used a number assigned to the beneficiaries to fill out claim forms. The claim forms were submitted by the provider to make claims for payments from Medicaid. Providers could submit the claim forms in paper format or by electronic means. Medicaid processed each health insurance claim form and electronically deposited the claim payments into the provider's designated bank account or issued a check to the provider.

13. Health care claim forms, both paper and electronic, contained certain beneficiary information and treatment billing codes. The American Medical Association assigned and published numeric codes known as the Current Procedural Terminology (CPT) and Health Care Finance Administration (HCFA) Common Procedure Coding System (HCPCS) codes. The codes were a systematic listing or universal language used to describe the procedures and services performed by health care providers. The procedures and services represented by the codes were health care benefits, items, and services within the meaning of 18 U.S.C. § 24(b). They included codes for office visits, diagnostic testing and evaluation, counseling services, and other medical related services. These treatment and service billing codes were well known to the medical community, providers, and health care insurance companies.

14. By designating a certain code, the provider certified to the health care programs that: (1) the contents of the claim forms were true, correct, and complete; (2) the claim forms were prepared in compliance with the laws and regulations governing Medicaid; and (3) the services, as set forth in the claim forms, were provided and medically necessary.

15. Medicaid providers agree to bill only for services actually rendered that are medically necessary to diagnose and treat illness or injury and for which the provider maintains adequate documentation.

## COUNT 1
### HEALTH CARE FRAUD
### [18 U.S.C. §1347]

16. Paragraphs 1 through 15 of the Indictment are realleged and incorporated by reference as though fully set forth herein.

17. Beginning on or about July 2, 2018, and continuing through on or about January 7, 2023, in the Southern District of Ohio, **DEFENDANT SMART**, knowingly and willfully executed a scheme to defraud a health care benefit program as defined in 18 U.S.C. § 24(b), that is the Ohio Medicaid Program, in connection with the delivery of, and payment for, health care benefits, items,

4

or services, by billing or causing bills to be submitted for drug treatment counseling sessions that were not performed or not performed as billed.

18. It was part of the scheme that **DEFENDANT SMART** misrepresented and directed other Riverside employees to misrepresent the type and length of substance abuse counseling services provided to Riverside patients.

19. It was further part of the scheme that **DEFENDANT SMART** directed Riverside employees to "pad" counseling services and create fraudulent progress and case management notes to support increased Medicaid billings.

20. It was further part of the scheme that **DEFENDANT SMART** billed for case management sessions while she was out of the country or on vacation.

21. It was further part of the scheme that **DEFENDANT SMART** billed or caused to be billed alleged counseling services for patients who were working at the time the counseling services were alleged to have been provided.

**All in violation of 18 U.S.C. §§ 1347 and 2.**

**COUNTS 2-13**
HEALTH CARE FALSE STATEMENTS
[18 U.S.C. §§ 1035 and 2]

22. Paragraphs 1 through 15, and paragraphs 18 through 21 are realleged and incorporated by reference as though fully set forth herein.

23. On or about the dates listed below, in the Southern District of Ohio, **DEFENDANT SMART** knowingly, willfully, and in connection with the payment for health care benefits, services, or items involving a health care benefit program, falsified, concealed, or covered up by trick or scheme, a material fact, that is, submitted or caused to be submitted bills to the Ohio Medicaid program for counseling services that were not provided, as follows:

| Count | Beneficiary (Initials) | Date of Service | Approx. Claim Submission Date | Services billed/CPT Code | Amount of claim submitted | Amount Paid ($) | Approx. Paid Date by Medicaid |
|---|---|---|---|---|---|---|---|
| 2 | B.S. | 08/01/2020 | 8/10/2020 | H0006-Alcohol and/or drug services; case management | 39.08 | 39.08 | 8/22/2020 |
| 3 | B.M. | 08/01/2020 | 8/10/2020 | H0006-Alcohol and/or drug services; case management | 39.08 | 39.08 | 8/22/2020 |
| 4 | C.F | 08/07/2020 | 8/14/2020 | H0006-Alcohol and/or drug services; case management | 39.08 | 39.08 | 8/20/2020 |
| 5 | M.M. | 08/07/2020 | 8/10/2020 | H0006-Alcohol and/or drug services; case management | 39.08 | 39.08 | 8/14/2020 |
| 6 | D.T. | 08/07/2020 | 8/10/2020 | H0006-Alcohol and/or drug services; case management | 39.08 | 39.08 | 8/12/2020 |
| 7 | D.T. | 02/15/2021 | 2/19/2021 | H0006-Alcohol and/or drug services; case management | 78.16 | 78.16 | 2/24/2021 |
| 8 | D.T. | 02/15/2021 | 2/25/2021 | 90837-Psychotherapy w/ patient—60 minutes | 120.36 | 86.96 | 2/27/2021 |
| 9 | D.T. | 02/17/2021 | 2/25/2021 | H0006-Alcohol and/or drug services; case management | 58.62 | 58.62 | 2/27/2021 |
| 10 | D.T. | 02/17/2021 | 2/19/2021 | 90837-Psychotherapy w/ patient—60 minutes | 120.36 | 86.96 | 2/24/2021 |
| 11 | D.T. | 03/15/2021 | 3/19/2021 | H0006-Alcohol and/or drug services; case management | 78.16 | 78.16 | 3/20/2021 |

| 12 | D.T. | 03/15/2021 | 3/19/2021 | 90837- Psychotherapy w/ patient—60 minutes | 120.36 | 86.96 | 3/20/2021 |
| 13 | S.M | 03/24/2022 | 4/15/2022 | 90837- Psychotherapy w/ patient—60 minutes | 120.36 | 86.96 | 4/21/2022 |

**All in violation of 18 U.S.C. §§ 1035 and 2.**

A TRUE BILL.

*s/Foreperson*
FOREPERSON

KELLY A. NORRIS
ACTING UNITED STATES ATTORNEY

KENNETH F. AFFELDT (0052128)
Assistant United States Attorney