**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

     **vs.**                               **Criminal Action 2:25-cr-098**
                                         **JUDGE ALGENON L. MARBLEY**

**AMY SMART**

## REPORT AND RECOMMENDATION

Defendant Amy Smart previously pleaded not guilty to an *Indictment,* ECF No. 2, charging her with one (1) count of health care fraud in violation of 18 U.S.C. §§ 1347, 2 (Count 1), and 12 counts of health care false statements in violation of 18 U.S.C. §§ 1035, 2 (Counts 2-13). The United States and defendant thereafter entered into a *Plea Agreement*, ECF No. 25, executed under the provisions of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to the charge of health care fraud in Count 1.[1] On May 8, 2026, defendant personally appeared with her counsel for a change of plea proceeding.

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed. Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the

---

[1] In addition to specifying sentencing terms consisting of a term of house arrest, a fine, the mandatory special assessment, and her commitment not to participate in any health care benefit program in the future, the *Plea Agreement* also includes a restitution obligation and an appellate waiver provision that preserves only certain claims for appeal, collateral challenge, and motion for reduction of sentence.

1

time she entered her guilty plea, defendant was in full possession of her faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined her competence to plead.  Based on the observations of the undersigned, defendant understands the nature and meaning of the charges in the *Indictment* and the consequences of her plea of guilty to Count 1.  Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary.  Defendant acknowledged that the *Plea Agreement* signed by her, her attorney and the attorney for the United States and filed on April 17, 2026, represents the only promises made by anyone regarding the charges in the *Indictment*. Defendant was advised that the District Judge may accept or reject the *Plea Agreement*. Defendant was further advised that, if the District Judge rejects the *Plea Agreement*, defendant will have the opportunity to withdraw her guilty plea but that, if she does not withdraw her guilty plea under those circumstances, the District Judge may impose a sentence that is more severe than the sentence contemplated in the *Plea Agreement*, up to the statutory maximum.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which is attached to the *Plea Agreement*.  She confirmed that she is pleading guilty to Count 1 of the *Indictment* because she is in fact guilty of that crime.  The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

2

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 1 of the *Indictment* be accepted.  Decision on acceptance or rejection of the *Plea Agreement* was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office.  Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes.  Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

May 8, 2026
 Date

*s/  Norah McCann King*
Norah McCann King
United States Magistrate Judge

3